**Dated: September 16, 2016**

**The following is ORDERED:**





Janice D. Loyd
U.S. Bankruptcy Judge

_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Elena Marie Capuccio, | ) | Case No. 16-10604-JDL |
| | ) | Ch. 13 |
| Debtor. | ) | |
| | ) | |
| Anthony Capuccio, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | ADV No. 16-1053-JDL |
| v. | ) | |
| | ) | |
| Elena Marie Capuccio, | ) | |
| | ) | |
| Defendant. | ) | |

### <u>MEMORANDUM OPINION AND ORDER DENYING MOTION TO DISMISS</u>

### I. Introduction

This adversary proceeding arises from a family dispute regarding management of the estate of an incapacitated woman, Anna Marie Capuccio ("Mother"). The plaintiff is Anthony Cappuccio (the "Plaintiff") who is the son of Mother, and her current court-appointed guardian. The Defendant is Elena Marie Capuccio (the "Debtor"), the debtor in

the underlying bankruptcy case. The Debtor served as Mother's primary caregiver and manager of Mother's finances before the state court removed her and appointed the Plaintiff as Mother's guardian in 2014. The Plaintiff claims that during the period of the Debtor's management of Mother's finances she breached her fiduciary duties by utilizing Mother's funds for Debtor's own use and benefit and that this breach constituted fraud and a defalcation under 11 U.S.C. §523(a)(2) and (4), rendering the resulting debt non-dischargeable.

This matter comes before the Court upon the *Plaintiffs Amended Motion to Dismiss Counterclaim* (the "*Motion")* [Doc. 8] and the *Defendant's Objection to Plaintiff's Motion to Dismiss Counterclaim* (the "*Objection*") [Doc. 13]. In the *Motion*, filed pursuant to Federal Rules of Civil Procedure 12(b)(6), made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7012(b), Plaintiff, as court-appointed guardian of his mother, requests that the Counterclaim filed by Debtor in the adversary proceeding be dismissed. The Plaintiff contends that the Counterclaim fails to state a claim upon which relief can be granted on the basis that (1) the Debtor is barred from seeking recovery of damages because of her failure to assert the same as a compulsory counterclaim in pre-bankruptcy state court litigation, (2) her claim for damages asserted in her Counterclaim is contrary to her testimony at the first meeting of creditors and (3) this Court lacks jurisdiction to hear this adversary. Pursuant to Federal Rule of Bankruptcy Procedure 7052, the Court makes the following findings of fact and conclusions of law which support its determination that Plaintiffs *Motion* should be denied.

2

## II.  Background

Plaintiff and Debtor are brother and sister.  From 2004 through July 2014, Debtor was the primary caregiver of her Mother, and as her Mother became more aged Debtor handled her Mother's  personal, business and financial affairs.  Mother was diagnosed by her primary care physician with dementia "well before December 21, 2005". [Affidavit of Dr. Pamela Barry-Duguid, Doc. 1, Ex. 2].  In early 2009, Mother executed a durable power of attorney which granted the Debtor broad powers to handle Mother's financial affairs.  In 2014 a dispute arose between Plaintiff and Debtor as to the management of their Mother's affairs. Plaintiff filed action in the District Court of Comanche County to have himself appointed as guardian, and on November 14, 2014, with the Debtor's consent, he was granted letters of guardianship.  Thereafter, Plaintiff brought suit against the Debtor in the District Court of Comanche County, alleging that the Debtor had breached her fiduciary duties by misappropriating in excess of $300,000.00 from Mother's accounts for the Debtor's own use and benefit. [Doc. 1].  After having filed an Answer in state District Court, on February 26, 2016, Debtor filed a petition for relief under Chapter 13 of the U.S. Bankruptcy Code.

On May 9, 2016, Plaintiff filed this adversary proceeding seeking to bar Debtor's discharge as to the approximately $300,000.00 based upon fraud under §523(a)(2) and defalcation in a fiduciary relationship under §523(a)(4).  On June 9, 2016, Debtor filed her Answer and Counterclaim in which she essentially denied all the material allegations of the Plaintiff's Complaint.  In her Counterclaim, Debtor asserted, among other things, that from May 2008 to July 2014 she was the only family member involved in the care of her Mother;

3

that loans her Mother made to her grandson were done with Mother's full knowledge and approval; that conveyances and other expenditures of Mother's funds were made with Mother's approval or pursuant to a durable power of attorney executed by Mother in 2009; that in 2013 Plaintiff stated his opinion that mother should be placed in a 24-hour care facility; that with debtor's consent Plaintiff had himself appointed a guardian for his Mother; and after reviewing the financial records Plaintiff asserted that the Debtor had wrongfully taken $150,000.00 from Mother. By way of relief in her Counterclaim, Debtor asserted that she had not been compensated for her care of Mother from May 2008 to July 2014, that the reasonable value of the services she rendered to Mother was $105,524.00 and that she was entitled to recover the same on the basis of quantum merit. [Doc 4].

As stated in the Introduction above, Plaintiff seeks dismissal of the Counterclaim on three bases: (1) Debtor's failure to assert her compulsory Counterclaim in the state court litigation; (2) Debtors testimony at her § 341 examination establishes that she has no claim for relief; and (3) this court lacks jurisdiction to entertain this adversary proceeding. As jurisdiction is paramount, the Court will deal with the last issue first.

### III. Jurisdiction

#### 1. Jurisdiction of the Compulsory Counterclaim.

This Court has subject matter jurisdiction over this adversary proceeding to determine the dischargeability of a debt pursuant to 28 U.S.C. §§157 and 1334 and the General Order of reference in this district, Rule 81.4 of the Local Rules for the United States District Court for the Western District of Oklahoma. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(I).

4

The Counterclaim arises out of the very set of transactions upon which the dischargeability action is based.  If the Court finds that if there is an obligation due to the Plaintiff, whether the obligation is dischargeable or not, this Court cannot make a complete determination of what is owed by the Debtor to Plaintiff without ruling on the Counterclaim. This is all the more true where in the present case the Plaintiff's claim far exceeds the claim of the Debtor's Counterclaim, thus making the Counterclaim a mere set-off to the Plaintiff's claim.  Therefore, the mere filing of the Counterclaim does not convert the dischargeability action into a non-core or a *"Stern v. Marshall"* proceeding.[1]

**2. Plaintiff's Consent to the Courts Jurisdiction.**

Even if it could have been argued that this Court lacked jurisdiction to adjudicate the Counterclaim, Plaintiff has consented to jurisdiction both expressly and implicitly. A bankruptcy court otherwise lacking adjudicatory power may nevertheless enter final judgment with the express or implied consent of the parties. *Wellness International Network , Ltd. v. Sharif,* __ U.S.__, 135 S.Ct.1932 (2015).  In this case, Plaintiff executed a *Jury Trial and Jurisdictional Acknowledgments and Consents* by which he expressly consented to this Court's exercise of jurisdiction to the extent of a final entry of judgment in the case.[2] [Doc. 10].  "The key inquiry is whether the 'litigant or counsel was made aware

---

[1]  564 U.S. 462, 131 S.Ct. 2594 (2011), holding a non-Article III court could not constitutionally enter a final judgment on a non-compulsory, state law based counterclaim in an adversary proceeding.  *Stern v. Marshall* did not limit the bankruptcy court's authority to allow or disallow claims against the estate, just counterclaims that need not be resolved in order to rule on such claims.

[2]  The *Jury Trial and Jurisdictional Acknowledgments and Consents* executed by both counsel in this matter provides: "As evidenced by their signatures below, each party consents to entry of final orders and judgments by this Court on any issue in this adversary proceeding, whether or not designated as 'core' under 28 U.S.C. §157(b)."

of the need for consent and the right to refuse it, and still voluntarily appeared to try the case' before the non-Article III adjudicator." Id. (quoting *Roell v. Withrow,* 538 U.S. 580, 588, n. 5, 123 S.Ct. 1696 (2003)). Having consented in writing to the jurisdiction of the court, there is no automatic right to withdraw such consent. *In re Kingsley Capital Inc.*, 423 B.R. 344, 352 (10th Cir. BAP 2010)  ("[W]e do agree that withdrawal of §157(c)(2) consent does require both a motion and a showing of good cause, neither of which was present here .") (quoting *Carter v. Sea Land Services, Inc.*, 816 F.2d 1018 (5th Cir. 1987) stating "once a right, even a fundamental right, is knowingly and voluntarily waived, a party has no constitutional right to recant at will.").  No such attempt to withdraw consent has been filed by the Plaintiff, nor has good cause been shown to support any withdrawal.

Further, Plaintiff filed a Proof of Claim in this proceeding for the same amount sought in the adversary.  [Claim 4-1 ].  "A creditor who files a proof of claim in a bankruptcy case submits to the bankruptcy court's equitable jurisdiction for determination not only of the claim itself, but also any counterclaim or defense that must necessarily be resolved in the claims allowance process." *Stern,* 131 S.Ct. at 2607-08, 2616-18.  Courts have also extended this principle to counterclaims filed by a defendant in an adversary proceeding where resolution of the claims and counterclaims could not be resolved without determining the merits of the creditor's claim.  See e.g. *In re Allegro Law LLC,* 545 B.R. 675, 698 (Bankr. M. D.  Ala. 2016).  In short, by Plaintiff's express and implied consent, this Court has jurisdiction over this adversary proceeding, including Debtor's Counterclaim.

**3. Whether Mother's Pending Guardianship Proceeding Precludes the Bankruptcy Court from Exercising Jurisdiction**.

Plaintiff argues this Court lacks jurisdiction to entertain the Debtor's Counterclaim because Oklahoma state statutes pertaining to guardianship grant exclusive jurisdiction to the court in which the guardianship petition is filed. 30 O.S. §1-113; 30 O.S. §1-114. A reading of those statutes makes clear that such jurisdiction is exclusive as to specific matters such as (1) "the need for a guardian or other order and (2) how the estate of the ward shall be managed, expended or distributed to or for the use of the ward or the dependents of the ward". 30 O.S. §1-113 (B)(1) and (2).  Similarly, the other statute upon which Plaintiff relies provides, in pertinent part, that "in all cases the court making the appointment of a guardian has exclusive jurisdiction to control such guardian in the management and disposition of the person and property of the ward". 30 O.S. §1-114 (A). It is clear that this Court's exercise of jurisdiction over the Counterclaim against the guardianship estate does not interfere with the care of the ward (Mother), management of the guardianship estate nor any *res* therein.

While not stated as such, Plaintiff's argument is analogous to arguing the so-called "probate exception" to federal jurisdiction which establishes that "a federal court has no jurisdiction to probate a will or administer an estate".  *Marcum v. Allen*, 326 U.S. 490, 494, 66 S.Ct. 296 (1946); *Marshall v. Marshall,* 547 U.S. 293, 126 S.Ct. 1735 (2006).  The probate exception is a judicially created doctrine that limits federal jurisdiction. Marshall at 308; *Markham v. Allen*, 326 U.S. 490, 66 S.Ct. 296 (1946). The exception has been construed narrowly. *Id.*  In *Markham*, the leading Supreme Court decision on the scope of the probate exception before *Marshall*, the Supreme Court noted as follows:

7

> "It is true that a federal court has no jurisdiction to probate a will or administer an estate... But it has been established by a long series of decisions of this Court that federal courts of equity have jurisdiction to entertain suits in favor of creditors, legatees and heirs and other claimants against a decedent's estate 'to establish their claims' so long as the federal court does not interfere with the probate proceedings or assume general jurisdiction of the probate or control of the property in the custody of the state court." 326  U.S. at 494.

In *Marshall* the Supreme Court narrowed the probate exception stating that it:

> "[R]eserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court. *But it does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction."* 547 U.S. at 311-312. (Emphasis added).

The probate exception prevents federal courts from exercising *in rem* jurisdiction over a *res* when a state court is simultaneously doing the same. *Marshall* at 311; *Nickless v. Kessler (In re Berman)*, 352 B.R. 533, 543 (Bankr. D. Mass. 2006).  Therefore, federal courts may not exercise jurisdiction to dispose of property that is in the custody of a state probate court.  See, *Three Keys, Ltd. v. SR Utility Holding Co.*, 540 F.3d 220, 227 (3rd Cir. 2008) ("It is clear after *Marshall that* unless a federal court is endeavoring to (1) probate or annul a will, (2) administer a decedent's estate, or (3) assume *in rem* jurisdiction over property that is the custody of the probate court, the probate exception does not apply."); *Lefkowitz v. The Bank of New York,* 528 F.3d 102, 106 (2d Cir. 2007) ("Following Marshall we must now hold that so long as a plaintiff is not seeking to have the federal court administer a probate matter or exercise control over a res in the custody of a state court,

8

if jurisdiction otherwise lies, the federal court may, indeed must, exercise it.") (Citations omitted).

Here, the bankruptcy court is not asserting jurisdiction generally over the Mother's guardianship proceedings or taking control over the guardianship's estate assets, which are part of the *in rem* jurisdiction of the state district court. All the Counterclaim seeks is the possible establishment of a claim against Plaintiff as guardian. While a federal court may not exercise its jurisdiction to disturb or affect the possession of property in the custody of a state court, "it may exercise its jurisdiction to adjudicate rights in such property where the final judgment does not undertake to interfere with the state court's possession save to the extent that the state court is bound by the judgment to recognize the right adjudicated by the federal court". *Markham*, 326 U.S. at 494, 66 S.Ct. 296; *Dulce v. Dulce*, 233 F.3d 143 (2d Cir. 2000).[3] Therefore, Mother's pending guardianship proceeding does not preclude the Bankruptcy court from exercising jurisdiction in this adversary proceeding.

### IV.  Debtor's Failure to Assert a Compulsory Counterclaim in the State Court Proceedings Does Not Under the Doctrine of Claim Preclusion (Res Judicata) Bar the Assertion of the Counterclaim in this Adversary Proceeding.

Plaintiff asserts that the Debtor's failure to assert a compulsory counterclaim in the state court action bars her from asserting the counterclaim in this adversary. In the state court case, the Plaintiff filed his Petition, to which the Defendant (here the Debtor) filed her

___

[3] The only case cited by Plaintiff in his Motion in support of the proposition that the existence of this guardianship proceedings bar this court from exercising jurisdiction over the Counterclaim is *Edwards v. Twine*, 225 P.2d 359 (Okla. 1950). That case is factually and legally inapplicable to the present case. It stands for the proposition that where the guardianship of an incompetent established in the first County was not transferred to the second County, the second County was without authority to appoint a guardian. The case dealt with concurrent state court jurisdiction.

answer but did not assert a counterclaim.  Sixty-one days after filing her Answer in the state court case and before any substantive matters took place therein, the Debtor filed her petition for bankruptcy. The state court case never proceeded to judgment, nor was a scheduling order ever entered by the state court establishing a deadline with regard to amendment of the pleadings and the assertion of a counterclaim.

"The Full Faith and Credit Statute, 28 U.S.C. §1738 directs a federal court to look to  the preclusion law of the state in which the judgment was rendered." *Cobb v. Lewis (In re Lewis)*, 271 B.R. 877, 883 (10th Cir. BAP 2002), citing *Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 380, 105 S.Ct. 1327 (1985).  In Oklahoma the elements of claim preclusion are: (1) an identity of subject matter and the parties or their privies in the prior litigation; (2) a court of competent jurisdiction heard the prior litigation; and (3) the judgment rendered in the prior litigation must have been a judgment on the merits of the case and not upon purely technical grounds.  *Carris v. John R. Thomas and Associates, P.C.*, 1995 OK 33, 896 P.2d 522; *Robinson v. Texoma Limestone Inc.*, 2004 OK 50, 100 P.3d 673.  A judgment acquires the degree of finality requisite for application of the claim-preclusion doctrine after the expiration of appeal time when no appeal has been taken. *Panama Processes, S.A. v. Cities Service Co.*, 1990 OK 66, ¶ 11, 796 P.2d 276, 283, note 27.

"Oklahoma has clearly taken the position that the bar of a compulsory counterclaim is closely related to the doctrine of claim preclusion".  *Robinson v. Texoma Limestone Inc.,* 2004 OK 50 ¶ 11, 100 P.3d 673, 676).  Explaining the nature of a compulsory

counterclaim, In *McDaneld v. Lynn Hickey Dodge, Inc.*, 1999 OK 30, ¶ 7, 979 P.2d 252, 255-56, the court stated:

> "A compulsory counterclaim requirement is similar in effect to a claim-preclusion bar. The principal of claim preclusion (earlier known as res judicata) teaches that a judgment in an action bars the parties (or their privies) from relitigating *not only* the adjudicated claim, but also any theories or issues that were actually decided *together with those which could have been decided in that action.*" (emphasis original).

In *Robinson v. Texoma Limestone, Inc.*, supra, at ¶ 12, 100 P.3d at 676, the Oklahoma Supreme Court stated the following language which is dispositive of the compulsory counterclaim issue in this case:

> "Since Oklahoma has rested its compulsory counterclaim bar on the doctrine of claim preclusion, the bar must rest upon the existence of a judgment on the merits entered in the prior action. If the prior action was dismissed before judgment, a party cannot successfully invoke the compulsory counterclaim preclusive bar under 12 O.S. §2013(A) in a subsequent action. In that vein, the Committee Comment to Section 2013 states that '(i)f a defendant fails to assert a compulsory counterclaim in an answer but the action is *dismissed before trial*, the defendant is not precluded from raising his claim in a second action. *Lawhorn v. Atlantic Ref. Co.*, 299 F.2d 353 (5ᵗʰ Cir. 1962); *Douglas v. Wisconsin Alumni Research Found.*, 81 F. Supp.167 (N.D. Ill. 1948).' (Emphasis original). Similarly, advisory notes to Rule 13(a), Fed. R. Civ. P., the federal counterpart to §2013(A), states: '*If the action proceeds to judgment* without the interposition of a counterclaim as required by subdivision (a) of this rule, the counterclaim is barred.'" (Emphasis original).

Plaintiffs' *Motion* in so far as it seeks dismissal of the Counterclaim due to the Debtor's failure to assert the same in state court is denied, as there has been no final adjudication on the merits in the state court litigation.

## V.  Plaintiff's Motion to Dismiss the Counterclaim
## for Failure to State a Claim Upon which Relief can be Granted

**1.  The Standard for a Motion to Dismiss**.

Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed because of plaintiff's "failure to state a claim upon which relief can be granted".  The Court must evaluate the motion to dismiss to determine whether the complaint alleges sufficient facts supporting all the elements necessary to establish an entitlement to relief under the claims raised.  *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007).  In reviewing a complaint under Rule 12(b)(6), all allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010);  *Barenburg v. Burton* (*In re Burton*), 463 B.R. 142 (10th Cir. BAP 2010).

To avoid a Rule 12(b)(6) dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face".  *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed. 868 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570, 127 S.Ct. 1955, 167 L.Ed. 929 (2007).   A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.   Bare legal conclusions and simple recitations of the elements of a cause of action do not satisfy this standard.  *Twombly*, 550 U.S. at 555.  As the Tenth Circuit has stated:

> "To survive dismissal under Rule 12(b)(6) for failure to state a claim, plaintiffs must "nudge[ ] their claims across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While factual assertions are taken as true, legal conclusions are not. A plaintiff is "not required to set forth a prima facie case for each element, [but] is required to set forth plausible claims." *Khalik*, 671 F.3d at 1193. "A claim has

12

> facial plausibility when the [pleaded] factual content ... allows
> the court to draw the reasonable inference that the defendant
> is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S.
> 662, 678 (2009)."

*Cook v. Baca*, 512 Fed.Appx. 810 (10th Cir. 2013); See also, *Lamar v. Boyd,* 508 Fed.Appx.

711 (10th Cir. 2013);

The Tenth Circuit has interpreted the "plausibility" requirement to mean "that if

[allegations] are so general that they encompass a wide swath of conduct, much of it

innocent, then the plaintiffs have not nudged their claims across the line from conceivable

to plausible". *Robbins v. State of Oklahoma ex rel., Oklahoma Department of Human*

*Services*, 519 F.3d 1242, 1247 (10th Cir. 2008). "The allegations must be enough that, if

assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief". *Id*.

It is well recognized that "granting a motion to dismiss is a harsh remedy and must be

cautiously studied, not only to effectuate the spirit of the liberal rules of pleadings but also

to protect the interests of justice". *Dias v. City and County of Denver*, 567 F.3d 1169, 1178

(10th Cir. 2009).

When considering a motion to dismiss, the court may consider not only the

complaint but a document central to the plaintiff's claim and referred to in the complaint,

at least where the document's authenticity is not in dispute. *Pace v. Swerdlow*, 519 F.3d

1067 (10th Cir. 2008); *Dean Witter Reynolds, Inc. v. Howsam*, 261 F.3d 956, 961 (10th Cir.

2001). Documents which are exhibits to or are incorporated by reference in the complaint

may be properly considered as part of the pleadings for purposes of ruling on a motion to

dismiss. *Genesee County Employees' Retirement System v. Thornburg Mortgage*

*Securities Trust* , 825 F.Supp.2d 1082 (D. N.M. 2011). Furthermore, "the court is permitted

to take judicial notice of its own files and records, as well as facts which are matter of public record". *Van Woudenberg v. Gibson*, 211 F.3d 560, 568 (10th Cir. 2000). Facts subject to judicial notice may be considered in a Rule 12(b)(6) motion without converting the motion to dismiss into a motion for summary judgment. *Grynberg v. Koch Gateway Pipeline Co.*, 390 F.3d 1276, 1279, n.1 (10th Cir. 2004).

**2. Applying the Rule 12(b)(6) Motion to Dismiss Standards to the Debtor's Counterclaim.**

The crux of the Counterclaim for which she seeks compensation for services rendered to her Mother are contained in the following numerical paragraphs of the Counterclaim:

> 13. From May 2008 to July 2014 Defendant took the active role in (Mother's) care as she aged.
>
> 14. In 2006 Defendant took (Mother) to a neurologist where she was diagnosed with mild dementia.
>
> 15. In 2006 (Mother's) driver's license was revoked, and she became more and more reliant on Defendant for trips to the doctor and other general care.
>
> * * * *
>
> 26. [Defendant] provided uncompensated care for (Mother) from May 2008 to July 2014.
>
> 27. The reasonable value of the services is $105,524.00 Plaintiff refuses to compensate Defendant for these services, and under the doctrine of Quantum Merit, Defendant is entitled to compensation for the services. [Doc. 4, pgs.3 & 5].

Accepted as true, as they must be to withstand a Rule 12(b) motion to dismiss, such allegations on their face state a claim for relief. Plaintiff's *Motion*, insofar as it is predicated upon the failure to state a claim, goes beyond the face of the Counterclaim and relies upon

14

evidence outside of the pleadings, primarily the testimony of the Debtor at the First Meeting of Creditors and an affidavit of the Plaintiff. Plaintiff is in reality seeking a motion for summary judgment though never stating the same or making reference to Fed. R. Bankr. P. 7056.[4]  Plaintiff's real argument is not that *the face* of the Counterclaim fails to state a plausible claim, but that the *underlying facts* show that as a matter of law Debtor cannot sustain her claim for quantum merit.  It may well be that Plaintiff, upon proper pleading and notice to the Debtor, might be entitled to summary judgment on the issue of whether Debtor has a valid claim for quantum merit, but that is not properly before the Court at this time.

It is true that Rule 12(b) authorizes a court to treat a motion to dismiss as one for summary judgment, provided that the court affords the parties a "reasonable opportunity to present all material made pertinent to such a motion by Rule 56."[5]  There is an obvious prejudice that inures to the non-moving party when, faced with a Rule 12(b)(6) motion, the court consults materials outside the complaint, yet deprives the non-moving party "the opportunity to be heard ... to present controverting material and ... to amend".  *Adams v. Campbell County School District*, 483 F.2d 1351, 1353 (10th Cir.1973). Courts have held that a court's failure to comply with the notice requirements when changing a Rule 12(b)

_____

[4] That this Motion is more akin to a motion for summary judgment is indicated by the fact that the Plaintiff has a section of his *Motion* entitled "Statement of Undisputed Material Facts", language required for motions for summary judgments by Fed. R. Civ.P 56 and Fed. R. Bankr. P. 7056.

[5] Rule 12(d) provides that if  "matters outside the pleading are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion".

motion to one for summary judgment may constitute reversible error. See, *State of Ohio v. Peterson, Lowry, Rall, Barber & Ross*, 585 F.2d 454, 457 (10th Cir.1978); *Adams v. Campbell County School District,* 483 F.2d 1351, 1353 (10th Cir. 1973). The Debtor, relying upon the statutory relief under Rule 12(b) requested by the Plaintiff's *Motion* should not be "ambushed" by this Court's sua sponte conversion of the *Motion* to one for summary judgment and thus the Court declines to do so.

### VI.  Conclusion

For the above-stated reasons, the *Plaintiff's Amended Motion to Dismiss Counterclaim Combined with Affidavit and Brief in Support* [Doc. 8] is hereby **DENIED,** and Plaintiff is **ORDERED** to file its answer to the Counterclaim within fifteen (15) days from the entry of this Order .

###